**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Laura Putman, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 6:13-cv-925-MGL-KFM |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Laura Putman ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.   In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.  On May 14, 2014, the Magistrate Judge issued a Report and Recommendation in which he concluded that the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence.  Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 20.)  Plaintiff filed objections to the Report and Recommendation on June 2, 2014.  (ECF No. 21.)  The Commissioner filed a reply on June 12, 2014. (ECF No. 22.) For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application for DIB on October 16, 2009, alleging a disability onset date of May 29, 2009. (Tr. at 15.) Her application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 15.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on February 11, 2011. (Tr. at 15.) The ALJ heard testimony from Plaintiff and an impartial vocational expert, G. Roy Sumpter, at a hearing held on October 27, 2011. (Tr. at 15.) On January 6, 2012, the ALJ issued a ruling and found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 25.) The Social Security Appeals Council denied Plaintiff's request for review on February 6, 2013 (Tr. at 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on April 8, 2013. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 20 at 26.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections

2

are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In response to Plaintiff's arguments, the Magistrate Judge found that the ALJ gave proper consideration and weight to the medical opinion of Dr. Mario Galvarino in light of the entire record. (ECF No. 20 at 21-23.).  The Magistrate Judge further found that substantial evidence supports the ALJ's decision and that the Appeals Council properly treated the statements of Dr. James Bloodworth which were submitted after the ALJ's decision was issued.  (ECF No. 20 at 23-26.)

III.  PARTIES' RESPONSE

Plaintiff filed objections to the Report and Recommendation ("Objections") on June 2, 2014. (ECF No. 21.)  Specifically, Plaintiff argues that the Magistrate Judge improperly gave little weight to the medical opinion of Plaintiff's treating psychiatrist, Dr. Galvarino.  Plaintiff also contends that remand is warranted so that the ALJ can consider Dr. Bloodworth's June 2012 opinion. The Commissioner filed a reply to Plaintiff's objections to the Report and Recommendation asking this Court to affirm the final administrative decision. (ECF No. 22.)   The Commissioner argues that the ALJ assigned appropriate weight to the opinions of Drs. Xanthia Harkness and Craig Horn in light of Dr. Galvarino's treatment notes. The Commissioner also maintains that the ALJ properly discounted  Dr. Galvarino's  opinion,  in  part,  because  Dr. Bloodworth's  treatment  records contradicted the opinion and were inconsistent with a finding of a disabling mental illness.  The Commissioner argues that the ALJ properly considered several factors in evaluating Dr. Galvarino's opinion and that she also properly considered the entirety of the record, including Plaintiff's own

3

accounts of her condition and abilities. Finally, the Commissioner maintains that substantial evidence supports the ALJ's decision (despite Dr. Bloodworth's post-decision opinion) because the ALJ accounted for the impairments Dr. Bloodworth mentioned and because Dr. Bloodworth's assertion that Plaintiff is disabled does not require remand.

## IV. DISCUSSION OF THE LAW

### A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is

4

supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not

follow, however, that the findings of the administrative agency are to be mechanically accepted.

The statutorily granted right of review contemplates more than an uncritical rubber stamping of the

administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give

careful scrutiny to the whole record to assure that there is a sound foundation for the

[Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

   B.     ANALYSIS

       Upon consideration of Plaintiff's objections, the Court finds that the Magistrate Judge

performed a thorough analysis of the record in reaching the conclusion that substantial evidence

supports the Commissioner's decision that Plaintiff was not disabled within the meaning of the

Social Security Act.   Plaintiff's objections primarily rehash arguments previously considered and

rejected by the Magistrate Judge.   The Magistrate Judge's recommendation indicates proper

consideration and application of the  facts and evidence in accordance with the relevant standards

and the Court will not re-write the discussion here.   Simply put, the ALJ is to make the ultimate

determination as to whether a claimant meets the statutory definition of disability.  This Court's role

is to determine whether the ALJ's findings are supported by substantial evidence.    If there is

substantial evidence to support the decision of the Commissioner, that decision must be affirmed.

*Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

       The ALJ's assessment is to be based on all relevant evidence in the case record.  *See* 20

C.F.R. 404.1545(a).  Here, the ALJ's decision clearly demonstrates compliance with the regulatory

scheme and confirms that proper weight, treatment, and consideration was given to the medical

opinions in this case.  Further, the Court finds no error in the Commissioner's treatment of Dr. Bloodworth's post-decision opinion submitted to the Appeals Council.  The submission was reviewed and considered in accordance with the directives of *Meyer v. Astrue*, 662 F.3d 700, 705-706 (4th Cir. 2011) and the Court agrees that the new evidence does not provide a basis for remand or changing the ALJ's decision.  As fully explained in the Report and Recommendation, reviewing the entire record, the Commissioner's decision is supported by substantial evidence. Plaintiff's objections fail to add any new arguments that would cause the Court to reject the Magistrate Judge's analysis and  recommendation.  Plaintiff's objections are therefore overruled.

V.     CONCLUSION

After a thorough review of the record and the objections, the Court finds no error and no cause for remand in this matter.  Substantial evidence supports the ALJ's  decision.  The Court concurs in the recommendation of the Magistrate Judge and adopts the Report and Recommendation and incorporates it herein by reference.  The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

July  30  , 2014
Spartanburg, South Carolina

6