

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| LAURA PUTMAN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:13-00925-MGL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND

## I.   INTRODUCTION

Pending before the Court is Plaintiff's Federal Rule of Civil Procedure 59(e) Motion to Alter or Amend the Court's Order affirming the final decision of Defendant denying benefits. ECF No. 29. The Court has jurisdiction over the matter under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Plaintiff's motion will be denied.

## II.   FACTUAL AND PROCEDURAL HISTORY

United States Magistrate Judge Kevin McDonald issued a Report and Recommendation (Report) suggesting the final decision of Defendant denying benefits be affirmed. ECF No. 20.

Plaintiff timely filed her objections, and this Court entered an Order overruling Plaintiff's objections, adopting the Report, and affirming the final decision of Defendant. ECF No. 26.

Plaintiff subsequently filed her motion under Rule 59(e) to alter or amend the Court's Order affirming Defendant's decision. ECF No. 29. Defendant filed her response in opposition, ECF No. 30, and Plaintiff filed her reply, ECF No. 31. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

### III.   STANDARD OF REVIEW

There are only three limited bases for a district court to grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (internal quotation marks omitted).

### IV.   CONTENTIONS OF THE PARTIES

In Plaintiff's motion, she appears to request the Court alter or amend its Order affirming the final decision of Defendant under Rule 59(e)'s third basis: namely, the Court correct a clear error

of law or prevent manifest injustice. Plaintiff insists the Court ignored purportedly binding precedent in upholding the Administrative Law Judge (ALJ)'s decision to discount the medical opinion of Dr. Mario Galvarino, one of Plaintiff's treating physicians, and to give greater weight to the opinions of non-examining physicians. Plaintiff also asserts the Court erred by failing to hold the ALJ discounted Dr. Galvarino's opinion based on a mischaracterization of Plaintiff's daily activities. Further, Plaintiff contends the Court neglected to address her argument that intermittent conditions can be disabling, and Plaintiff states the Court utilized the wrong harmless error test in evaluating whether the ALJ's use of stability to prove ability to function was inappropriate. Finally, Plaintiff urges she suffered prejudice from the ALJ's speculation Dr. Galvarino based his opinion on sympathy for Plaintiff.

Defendant disputes these assertions.

## V.     DISCUSSION AND ANALYSIS

As an initial matter, the Court notes Plaintiff raised each of her contentions above in substantially the same format during her initial briefing and then in her objections to the Report. Her motion thus appears to be an impermissible attempt to "relitigate old matters" under Rule 59(e). *See Exxon Shipping Co.*, 554 U.S. at 486 n.5 (internal quotation marks omitted). Out of an abundance of caution, however, the Court will address the merits of Plaintiff's motion.

Plaintiff's contentions largely concern the weight the ALJ assigned to the opinion of Dr. Galvarino, one of Plaintiff's treating physicians.

When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3)

the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (per curiam). An ALJ, however, "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has failed to give a sufficient reason for the weight afforded a particular opinion, see 20 C.F.R. § 404.1527(d) (1998). Courts are not always required to give a treating physician's testimony "controlling weight." *Hunter*, 993 F.2d at 35.

According to 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), a treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when it is well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. Conversely, however, it follows "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

Of course, a medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(e)(1). Generally, the more the medical source presents relevant evidence to support his opinion, and the better he explains it, the more weight his opinion is given. *See id.* § 404.1527(d)(3).

Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give it.  *See id.* § 404.1527(d)(4).

Plaintiff first avers *Donovan v. Eaton Corp., Long Term Disability Plan*, 462 F.3d 321 (4th Cir. 2006), is binding authority requiring the ALJ to grant greater weight to the medical opinion of Dr. Galvarino.  Plaintiff submits the non-examining physicians issued their medical opinions before Dr. Galvarino completed a detailed questionnaire regarding Plaintiff, and the ALJ's decision to give greater weight to the non-examining opinions was a clear error of law given the allegedly incomplete record.

Plaintiff is profoundly mistaken.  As an initial matter, *Donovan* fails to provide binding authority in this case, for, as Plaintiff is well aware, *Donovan* concerns the Employee Retirement Income Security Act, not the Social Security Act.  *See* 462 F.3d at 323.  Regardless, Plaintiff's contention that the non-examining physicians based their opinions on a "woefully incomplete record," ECF No. 31 at 2, is utterly without merit.

The non-examining physicians issued their opinions on January 29, 2010, and December 14, 2010, whereas Dr. Galvarino completed his questionnaire regarding Plaintiff on October 19, 2011.  ECF No. 20 at 19-20.  Dr. Galvarino, however, added no new data or clinical evidence in the questionnaire.  Rather, his questionnaire found extreme limitations that contradicted his treatment notes and the treatment notes of Plaintiff's other examining physician.  *Id.* at 21-22.  As the non-examining physicians based their opinions largely on Dr. Galvarino's treatment notes, his questionnaire fails to provide new evidence that would have changed their opinions.  Thus, the record before the non-examining physicians was certainly not "woefully incomplete."

Accordingly, the ALJ properly assigned greater weight to the opinions of the non-examining physicians and appropriately discounted Dr. Galvarino's opinion. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) ("[T]he testimony of a non-examining physician can be relied upon when it is consistent with the record. Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, an ALJ's determination coming down on the side on which the non-examining, non-treating physician finds himself should stand." (citation omitted)). For all of these reasons, Plaintiff's first contention fails to direct the Court to a clear error of law under Rule 59(e).

Next, Plaintiff asseverates the Court erred by failing to hold the ALJ mischaracterized Plaintiff's daily activities. This alleged mischaracterization, Plaintiff urges, led to the ALJ's faulty conclusion to discount Dr. Galvarino's opinion. The Court is unpersuaded.

Where, as here, the ALJ cited Plaintiff's daily activities as one of several reasons to discount Dr. Galvarino's opinion, there is no clear error. Plaintiff's activities of daily living tend to show she was capable of more than the extreme limitations of which Dr. Galvarino opined, and the ALJ properly took them into consideration when evaluating Dr. Galvarino's opinion. Daily activities are probative, *Johnson*, 434 F.3d at 658, and the ALJ is to resolve any inconsistencies in the record, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ undoubtedly did so, and Plaintiff has failed to show clear error under Rule 59(e).

Plaintiff also alleges the Court erred by failing to address Plaintiff's argument the ALJ was forbidden from discounting Plaintiff's intermittent condition of depression. The Court disagrees.

Although it is true intermittent conditions can be disabling, *Totten v. Califano*, 624 F.2d 10, 12 (4th Cir. 1980), the ALJ could consider the inconsistency between Plaintiff's alleged mental

6

infirmities and her desire to go off her depression medication, see *Mickles v. Shalala*, 29 F.3d 918, 927 (4th Cir. 1994). Moreover, "[w]here conflicting evidence allows for reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Johnson*, 434 F.3d at 653. Here, the ALJ weighed all the evidence in the record and determined Plaintiff was not disabled. Hence, Plaintiff has again failed to show the Court committed a clear error of law in affirming that decision.

Finally, Plaintiff maintains the ALJ made several improper considerations in his evaluation of Dr. Galvarino's opinion. Specifically, Plaintiff avouches the ALJ irrationally confounded stability with ability to function and claims that the Magistrate Judge purportedly conceded the same. Further, Plaintiff posits the ALJ inappropriately stated Dr. Galvarino's opinion was "overly sympathetic to [Plaintiff] and not consistent with the other substantial evidence of record." ECF No. 20 at 22-23. Based on these alleged errors, Plaintiff insists the Magistrate Judge applied an inadequate harmless error test. The Court is unconvinced.

First, in considering Dr. Galvarino's opinion, the ALJ determined the treatment notes from Dr. Bloodworth, Plaintiff's other examining physician, were inconsistent with Dr. Galvarino's opinion. Dr. Bloodworth noted Plaintiff was "stable" on her medication, ECF No. 20 at 22, but the ALJ utilized the reference to stability as one of many factors in analyzing Dr. Galvarino's opinion. Nowhere in the Report does the Magistrate Judge concede the ALJ irrationally confounded stability with ability to function. Thus, the Court holds this contention to be without merit.

Additionally, the ALJ mentioned Dr. Galvarino's opinion seemed "overly sympathetic" in light of its inconsistencies with the record as a whole. The ALJ further gave a number of valid reasons for discounting Dr. Galvarino's opinion: namely, (1) the opinions of the non-examining

7

physicians contradicted Dr. Galvarino's opinion; (2) Plaintiff's daily activities were inconsistent with Dr. Galvarino's opinion; and (3) Dr. Bloodworth's treatment notes contradicted Dr. Galvarino's opinion. Tr. 23. In light of the substantial evidence cited by the ALJ, Plaintiff has failed to show why the statement Dr. Galvarino's opinion seemed "overly sympathetic" caused harm. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) ("[T]he party seeking reversal normally must explain why the erroneous ruling caused harm."). Thus, Plaintiff cannot show clear error sufficient to obtain relief under Rule 59(e) as to this issue.

Given the Court's holding the Magistrate Judge was correct in his consideration of Plaintiff's stability and "overly sympathetic" arguments, there is no reason for the Court to consider Plaintiff's contention regarding harmless error.

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Plaintiff's Rule 59(e) motion to alter or amend the Court's Order affirming Defendant's decision is **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of January, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

8